**CALIFORNIA NATIVE PLANT SOCIETY, et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the Interior, et al., Defendants.**

**No. CIV.A.03–1540(JR).**

United States District Court, District of Columbia.

Feb. 9, 2004.

James B. Dougherty, Law Office of J.B. Dougherty, Washington, DC, John T. Buse, Environmental Defense Center, Ventura, CA, for Plaintiffs.

Bridget Kennedy McNeil, U.S. Department of Justice, Washington, DC, for Defendants.

Michelle D. Morris, Hogan & Hartson LLP, Washington, DC, Heather S. Riley, Mark J. Dillon, Gatzke Dillon & Ballance, LLP, Carlsbad, CA, for Movant.

## MEMORANDUM

ROBERTSON, District Judge.

Five environmental groups allege violations of the Endangered Species Act by the Secretary of the Interior and the Fish and Wildlife Service in connection with

defendants' handling of a citizen petition to list the San Fernando Valley Spineflower as an endangered species. The defendants move for partial summary judgment [13] on plaintiffs' second claim for relief—that defendants violated the ESA and the Administrative Procedure Act by failing to issue a 90–day finding on the petition to list the Spineflower—asserting that the claim is barred by the doctrine of res judicata.[1] For the reasons set forth below, defendants' motion will be **GRANTED**.

### Background

The Secretary, through FWS, is authorized to determine whether a given species should be listed as endangered or threatened under the ESA. This determination may be made either through the agency-initiated "candidate process" or in response to a citizen petition. *See* 16 U.S.C. §§ 1533(a)(1), 1533(b)(3).

A species is designated a "candidate species" if FWS determines that it has on file "sufficient information on biological vulnerability and threats to support proposals to list [the species] as endangered or threatened," but that the issuance of a proposed rule for that species is "precluded at present by other higher priority listing actions." 67 Fed.Reg. 40657–59 (June 13, 2002); *see also* 50 C.F.R. 424.02(b). Each candidate species is assigned a listing priority number. FWS maintains a list of candidate species and updates it periodically in a publication called the Candidate Notice of Review ("CNOR"). 67 Fed.Reg. 40657.

Under the citizen petition process, any "interested person" may petition to have a species listed as threatened or endangered. 16 U.S.C. 1533(b)(3)(A). Within 90 days after receiving a citizen petition, FWS must determine whether the petition presents "substantial scientific or commercial information" such that the petitioned action may be warranted (a "90–day finding"). *Id.* If FWS finds that listing is not warranted, the listing process is terminated for that species. If, however, FWS finds that listing may be warranted, it then commences a review of the species' status. *Id.* This review must be completed within 12 months of receiving the petition (a "12–month finding") and must state whether the petition action is (1) warranted, (2) not warranted, or (3) warranted but precluded by other listing activity. § 1533(b)(3)(B). To make a "warranted but precluded" finding, FWS must conclude that the petitioned action is warranted, but that immediate listing is precluded by pending listing proposals and that "expeditious progress" is being made to address pending listing proposals. 16 U.S.C. 1533(b)(3)(B)(iii). If a "warranted but precluded" finding is made, the agency must publish the finding in the *Federal Register* along with a "description and evaluation of the reasons and data on which the finding is based." *Id.* The agency must make a new "warranted but precluded" finding each year until it publishes a proposed rule or makes a determination that listing is not warranted. These subsequent 12–month findings are referred to as "recycled petition findings." *See* 66 Fed.Reg. 1,295 (Jan. 8, 2001).

The Spineflower appears to have been involved in both the candidate process and the petition process. In December 1999, the City of Calabasas, California ("Calabasas") petitioned FWS to list the Spineflower as an endangered species. FWS replied in January 2000, acknowledging receipt of the petition, but informing Calabasas that the Spineflower already had the status of a "candidate species." The

---

**1.** Defendants also moved for partial summary judgment on plaintiffs' fourth claim of relief, but now concede that they forfeited their affirmative statute of limitations defense by failing to include it in their answer.

October 1999 CNOR had assigned the Spineflower a priority number of 3 and had described the progress being made to add or remove species from the endangered or threatened species lists. 64 Fed. Reg. 57,534 (Oct. 25, 1999).

Notwithstanding that the Spineflower was already a "candidate species," it appeared in a January 2001 Notice of Recycled Petition Findings (the annual review of species previously found to be "warranted but precluded" under the citizen petition process). That Notice reviewed the status of and threats to the Spineflower and listed its status as "warranted but precluded." *Id.* Then, in October 2001, another CNOR was published; it listed the sources used to review the status of candidate species, described the actions taken since the last CNOR, and detailed those other actions and budgetary constraints that precluded listing of the candidate species, including the Spineflower.[2] 66 Fed. Reg. 54,808 (Oct. 30, 2001).

In June of 2001, the same five plaintiffs who filed this suit, plus the City of Calabasas, filed a complaint in the Central District of California against the Secretary and FWS. *California Native Plant Society v. Norton,* No. 01–05188 (C.D. Cal., filed June 11, 2001) (hereinafter *Spineflower I* ). Their complaint contained two claims for declaratory or injunctive relief, only the first of which is relevant to the instant motion. That claim, entitled "Failure to Issue Required Petition Findings," alleged as follows:

39. Section 4(b)(3)(A) of the ESA requires the Secretary, to the maximum extent practicable, to make a finding as to whether a petition to list a species presents substantial scientific or commercial information

indicating that the listing may be warranted within 90 days after receiving a petition.

40. To date, the Secretary has not published the required 90–day finding in response to the petition to list the San Fernando Valley Spineflower.

* * * * * *

43. By failing to make the required findings in response to the Spineflower listing petition, Defendants have violated a mandatory duty under section 4(b)(3) of the ESA.

* * * * * *

*See Spineflower I,* Compl., at 13.

Defendants moved to dismiss for lack of subject matter jurisdiction, arguing with respect to plaintiffs' "petition findings" claim that it was mooted by the October 2001 CNOR:

The [FWS] has already made the listings which are the subject of plaintiff's complaint. Indeed, the CNOR includes detailed explanation of the higher priority listing actions which preclude action on the 32 candidate species and a discussion of the history and threats faced by the Spineflower. This listing provides substantial evidence supporting the "warranted but precluded" finding and this requisite evidentiary support is all that is required of the [FWS] at this point. Thus, there is no case or controversy for this court to adjudicate.

*See Spineflower I,* Mot. Dism., at 8 (citations omitted). Plaintiffs opposed the motion, asserting that the October 2001 CNOR had not provided all the relief they sought. They argued that the plain language of the ESA required a formal 90–

**2.** In June of 2002, the agency published the 2002 CNOR, which provided detailed information about why the listing of every candidate species that was also the subject of a

petition was warranted but precluded by higher priority action. 67 Fed.Reg. 40,657–40,670.

day finding and suggested that, even though the Secretary had already designated the Spineflower a candidate species, a 90–day finding would trigger "the Secretary's important obligation to commence a review of the species' status *in response to the information contained in the petition.*" *Spineflower I*, Opp., at 4 (emphasis in original). The question before Judge Real was thus whether the FWS was required to respond to the petition, or whether, as the agency argued, it was free to treat the petition as a "second" petition pursuant to agency guidelines. Plaintiffs argued that:

> The Secretary's approach of ignoring petitions of candidate species circumvents the petition-initiated status review requirement by leaving the timing and nature of the status review to the discretion of the Secretary.

*Id.* at 6. Plaintiffs also argued that the Secretary's approach thwarted the overall objective of the ESA's citizen petition provisions:

> Congress intended the petition process to allow interested persons to "interrup[ ] the department's priority system by requiring immediate review." *Center for Biological Diversity v. Norton*, 254 F.3d 833, 840 (9th Cir.2001).

*Id.*

In a one paragraph order issued in February 2002, Judge Real granted the motion to dismiss. He did not state his reasons. There was no appeal.

### Analysis

Citing Judge Real's dismissal of the California litigation, defendants argue that the 90–day claim brought by plaintiffs in this case is barred by the doctrine of res judicata, which precludes relitigation between the same parties of issues that have been decided on the merits. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d

308 (1980). A dismissal operates as an adjudication on the merits of a claim, unless an order or local rule provides otherwise or the dismissal is for lack of jurisdiction. Fed. R. Civ. Pro. 41(b). Here, the defendants did assert lack of subject matter jurisdiction, and their motion was granted. Pursuant to Rule 41(b), the dismissal thus did not operate as a merits adjudication of the *claim.*[3] The doctrine of res judicata nevertheless bars relitigation of *issues,* including jurisdictional issues, "actually and necessarily determined" in a previous action. *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C.Cir.1983). In order to establish the preclusive effect of a prior holding on a particular issue, the following conditions must be met:

> (1) The same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case.
>
> (2) The issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case.
>
> (3) Preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C.Cir.1992).

The issue presented by this case is in substance the same as the issue presented to Judge Real. Plaintiffs claim that "defendants violated the ESA and APA by failing to issue a 90–day finding on the petition to list the Spineflower," alleging in pertinent part:

> \* \* \* \* \* \*
>
> 70. Section 4(b)(3)(A) of the ESA requires the Secretary, to the maximum extent practicable and within 90 days after receiving a petition from an interested person to list a

---

**3.** Neither a local rule of the Central District of California nor an order provided otherwise.

species, to make a finding whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted." The 90–day finding must be published in the Federal Register.

71. On December 6, 1999, the City of Calabasas petitioned the Secretary to list the San Fernando Valley Spineflower as an endangered species. More than 90 days have passed, and defendants have not issued a 90–day finding on the petition or published any finding in the Federal Register.

72. Defendants' failure to issue and publish the 90–day finding violates the ESA, is arbitrary and capricious, not in accordance with law, and is an agency action unlawfully withheld under section 706 of the APA.

\* \* \* \* \* \*

Compl., at 19 (citations omitted). Apart from the mention of the APA,[4] that language is almost identical to that used in the California suit. *See supra* at 5.

 Judge Real's unexplained ruling makes it harder to say whether the issue was "actually and necessarily" decided in the California case, but in general:

It is the prior *judgment* that matters, not the court's opinion explicating the judgment. Even in the absence of *any* opinion, a judgment bars relitigation of an issue necessary to the judgment. Furthermore, once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case.

*Yamaha,* 961 F.2d at 254 (internal quotations and citations omitted)(emphasis in original). A careful review of the pleadings in *Spineflower I* requires the conclusion that Judge Real actually and necessarily dismissed plaintiffs' 90–day finding claim on mootness grounds. Only one alternative basis for the order has been suggested here. That suggestion (by plaintiffs) is that Judge Real could have dismissed the case because the 2001 CNOR was the *functional equivalent* of a petition finding, and that functional equivalency is not the functional equivalent of mootness. Relitigation should be permitted if the basis for a prior decision is unclear and "it is thus uncertain whether the issue was actually and necessarily decided in [the prior] litigation." *See Connors v. Tanoma Mining Co.,* 953 F.2d 682, 685 (D.C.Cir.1992)(where court could have decided meaning of a contractual term on either of two grounds, plain meaning or course of dealing, the court did not "actually and necessarily" resolve the issue). Here, however, plaintiffs' effort to discover an alternative "functional equivalency" basis for Judge Real's ruling is unavailing. The issue presented to Judge Real was whether plaintiffs' claim presented a case or controversy. Mootness is grounds for dismissal precisely because of the absence of a case or controversy. *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). If Judge Real's thought process settled on "functional equivalency," the "actual and necessary" legal conclusion comes out at the same place: the issuance of a 90–day finding is not a continuing responsibility; once it is satisfied, whether by a "functional equivalent" or otherwise,

---

4. The APA does not provide a cause of action where the ESA provides an adequate remedy at law. *Bennett v. Spear,* 520 U.S. 154, 161–62, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). The ESA citizen suit provision, which allows plaintiffs to sue for injunctive/declaratory relief whenever an agency fails to take an action required by the ESA, see 16 U.S.C. 1540(g)(1)(c), is an adequate remedy.

it is satisfied, and a claim that it has not been satisfied is moot.

### ORDER

For the reasons stated in the accompanying memorandum, defendant's motion for partial summary judgment [13] is **GRANTED**.

**SO ORDERED.**